**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**TOMMY L. DAVIS, Plaintiff**
**v.**                                                                                           CIVIL ACTION NO.  2:08cv9444
**AMERICAN STANDARD, INC., d/b/a**
**WESTINGHOUSE AIR BRAKE CO., et al., Defendants**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (VI)
This Document Relates To

**TOMMY L. DAVIS v. American Standard, Inc., et al.,**                    CIVIL ACTION NO. MDL875

**ANSWER OF THE BUDD COMPANY**

The Budd Company, (Budd) by counsel, for its Answer to the Plaintiff's Complaint, states as follows:
1. Budd has no knowledge of the matters alleged in paragraph 1 of the Complaint and therefore denies same.
2. Budd has no knowledge of the matters alleged in paragraph 2 of the Complaint and denies same.
3. Budd admits it is named as a Defendant in the caption.
4. Budd has no knowledge of the matters alleged in paragraph 4 of the Complaint and therefore denies same.
5. Budd has no knowledge of the matters alleged in paragraph 5 of the Complaint and therefore denies same.
6. Budd has no knowledge of the matters alleged in paragraph 6 of the Complaint and therefore denies same.
7. Budd has not been served with a copy of the Master Long Form Complaint Counts I, II, III, IV, and X, and thus it has no knowledge of the matters alleged in those Complaints, and it denies those allegations insofar as they pertain to this Defendant.

**COUNT I**
8. Budd adopts its responses to paragraphs 1 through 7 of the Complaint as though fully set forth herein.
9. Budd denies the allegations contained in paragraph 9 of the Complaint.
10. Budd denies all allegations contained in paragraph 10, and all subparts, of the Complaint.

**COUNT II**
11. Budd adopts its responses to paragraphs 1 through 10 of the Complaint as though fully set forth herein.
12. Budd denies all allegations contained in paragraph 12, and all subparts, of the Complaint.
13. Budd denies all allegations contained in paragraph 13 of the Complaint.

**COUNT III**
14. Budd adopts its responses to paragraphs 1 through 13 of the Complaint as though fully set forth herein.
15. Budd denies the allegations contained in paragraph 15 of the Complaint.
16. Budd denies the allegations contained in paragraph 16, and all subparts, of the Complaint.
17. Budd denies the allegations contained in paragraph 17 of the Complaint.

**COUNT IV**
18. Budd adopts its responses to paragraphs 1 through 17 of the Complaint as though fully set forth herein.
19. Budd denies the allegations contained in paragraph 19 of the Complaint.
20. Budd denies the allegations contained in paragraph 20 of the Complaint.
21. Budd denies the allegations contained in paragraph 21, and all subparts, of the Complaint.
22. Budd denies the allegations contained in paragraph 22 of the Complaint.
23. Paragraph 23 of the Complaint fails to state a cause of action against this Defendant, and insofar as it may state a cause of action, it is denied.
24. Budd has no knowledge of the matters alleged in paragraph 24 of the Complaint and calls for strict proof thereof.
25. Budd demands a trial by jury.

**AFFIRMATIVE DEFENSES**

A. This action is barred by the applicable statute of limitations and the doctrine of laches.
B. The Complaint shows on its face there was no privity of contract between the Plaintiff and this Defendant, and such privity of contract was a requirement for the maintenance of an action in warranty or negligence at the time the alleged cause of action arose.
C. Any injuries or damages sustained by the Plaintiff were proximately caused by the negligence, assumption of the risk, or misuse of the product by the Plaintiff.
D. Any injuries or damages sustained by the Plaintiff were caused by the negligence or breach of warranty of persons other than this Defendant.
E. This action is barred by the applicable state and federal workers' compensation laws, including FELA.
F. This action is barred by the provisions of § 8.01-250 of the Code of Virginia of 1950, as amended.
G. The Complaint fails to state a claim upon which relief can be granted against this Defendant.
H. The Complaint fails to allege sufficient facts and acts on the part of this Defendant to state a cause of action for fraud, conspiracy, or fraudulent concealment, as required by Rule 8 and 9(b) F.R.C.P.
I. The allegations in Counts III and IV alleging conspiracy, fraudulent concealment, and fraudulent misrepresentation fail to state a cause of action pursuant to Rule 12(b)(6) F.R.C.P.
J. The Complaint fails to allege any facts supporting a claim for punitive damages against this Defendant.
K. This Defendant adopts any Affirmative Defenses asserted by its Codefendants and reserves the right to assert such additional Affirmative Defenses as may become apparent through discovery or at trial.
L. The Plaintiff's cause of action against this Defendant is pre-empted by the congressional mandated plan for compensating railroad workers for injuries sustained in the course of their employment as set forth in the provisions of the Federal Safety Appliance Act, 49 U.S.C. §20301, et seq., the Federal Employees Liability Act, 45 U.S.C. §51, et seq., and the Boiler Inspection Act, 49 U.S.C. §20701, et seq.
M. The Plaintiff's cause of action is barred by the doctrine of res judicata and/or collateral estoppel.
N. <u>Objection to Venue</u> Budd objects to venue of this cause in this Honorable Court. The Plaintiff neither worked in nor is a resident of the Commonwealth of Virginia, and the Plaintiff's cause of action did not arise out of a tort committed by the Defendant in Virginia.

WHEREFORE, The Budd Company prays Plaintiff's Complaint be dismissed and it be awarded its costs incurred.

THE BUDD COMPANY

| | |
|---|---|
| By:_____ | By:      s/ Karen Ellis Carr        |
| Butzel Long, P.C. | Savalle C. Sims, Esq. (VA Bar No. 39274) |
| By:   James E. Wynne  (P29557) | Donald C. McLean, Esq. |
|         Daniel R.W. Rustmann (P42967) | Marcia Fuller Durkin, Esq. |
|         John C. Valenti (P53272) | Karen Ellis Carr, Esq. (VA Bar No. 72801) |
| 150 West Jefferson, Suite 100 | Arent Fox LLP |
| Detroit, Michigan  48226 | 1050 Connecticut Avenue, N.W. |
| (313) 225-7000 | Washington, D.C. 20036-5339 |
| Attorneys for The Budd Company | Attorneys for The Budd Company |
| | Of Counsel |

Dated:   January 21, 2009

**CERTIFICATE**

This document was electronically filed and is available for downloading and viewing using the ECF system. On January 21, 2009, a copy of this pleading was mailed to Richard S. Glasser, Glasser & Glasser, P.L.C., Crown Center, Suite 600, Norfolk, Virginia 23510-2212, Plaintiff's Counsel. Copies of this pleading will be provided to all other counsel upon request.

             s/ Karen Ellis Carr